**Beranbaum Menken LLP**
Jason Rozger
80 Pine Street, 33rd Floor
New York, NY 10005

**Law Offices of Jacob Aronauer**
Jacob Aronauer (pro hac vice application pending)
225 Broadway, 3rd Floor
New York, NY 10007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

-------------------------------------------------------------------------X
DEIVID DARIO VELEZ OVIEDO,
on behalf of himself and others similarly
situated,

                                    Plaintiff,

   -against-

VILLAGE AUTO WASH LIMITED
LIABILITY COMPANY,
d/b/a VILLAGE AUTO WASH,
ALEX RODRIGUEZ, and TETERBORO AUTOMALL, INC
d/b/a/ TETERBORO CHRYSLER JEEP DODGE RAM,

                                   Defendants.
-------------------------------------------------------------------------X

COMPLAINT  18-CV-17414

FLSA COLLECTIVE ACTION

ECF CASE

Plaintiff Deivid Dario Velez Oviedo ("Velez" or "Plaintiff"), on behalf of himself and all others similarly situated, by his attorneys, complaining of Village Auto Wash Limited Liability Company d/b/a Village Auto Wash ("Village Auto Wash), Alex Rodriguez ("Rodriguez"), and Teterboro Automall, Inc.  ("Teterboro Automall") (collectively the "Defendants"), alleges the following:

**PRELIMINARY STATEMENT**

1.     This is a civil action brought by Plaintiff and all similarly situated employees to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA").  Plaintiff and

the collective class worked, or currently work, as non-exempt employees at Village Auto Wash.

2. Defendant Alex Rodriguez owns and controls Village Auto Wash, an auto cleaning and detailing service.

3. Village Auto Wash was formerly located at 152 S Broad Street, Ridgewood, New Jersey, as a standalone business.

4. In or about April of 2017, Village Auto Wash relocated to the premises of Defendant Teterboro Automall, doing business as Teterboro Chrysler Jeep Dodge Ram, located at 469 Route 46, Little Ferry, NJ, which at that time became the joint employer of Plaintiff and the other employees of Village Auto Wash.

5. Plaintiff brings this action on behalf of himself and all similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.,* and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA that occurred at Village Auto Wash LLC.

6. Plaintiff and the FLSA collective class seek injunctive and declaratory relief against Defendants for their unlawful actions, compensation for their failure to pay overtime wages, and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA.

7. Plaintiff Velez also brings this action to remedy violations of the retaliatory provisions of the FLSA stemming from Velez's unlawful termination by Village Auto Wash, Teterboro Auto Mall, and Alex Rodriguez, who sought to deprive Plaintiff Velez of his right to engage in

protected activity under the FLSA after he requested to be paid overtime in compliance with the FLSA.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

9. Venue is proper in this district under 28 U.S.C. § 1391(b)(c) because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

### Plaintiff

10. Plaintiff is and was at all times relevant hereto an adult individual residing in Paterson, NJ.

11. Plaintiff worked at Village Auto Wash from June 2016 until January 2018 as an auto detailer.

12. Plaintiff was a covered employee within the meaning of the FLSA.

### Defendants

13. On information and belief, for approximately the last four years, Defendant Rodriguez has owned and maintained control, oversight and the direction of Village Auto Wash.

14. Rodriguez is a person engaged in business in New Jersey, who is sued individually in his capacity as an officer and/or agent of Village Auto Wash. Rodriguez exercised and continues to exercise sufficient control over Village Auto Wash so as to be considered Plaintiff's employer under the FLSA.

15. At all time material hereto, Rodriguez had the authority to hire and fire employees and established and maintained policies regarding the pay practices at Village Auto Wash.

16. Defendant Village Auto Wash is a New Jersey corporation that provides auto cleaning and detailing services.

17. At all times relevant to this action, Defendants had substantial control over Plaintiff's working conditions and the practices alleged herein.

18. At all times relevant to this action, Defendants Village Auto Wash and Teterboro Automall were enterprises "engaged in interstate commerce" within the meaning of the FLSA.

19. On information and belief, Defendants Village Auto Wash and Teterboro Automall each have: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

## COLLECTIVE ACTION ALLEGATIONS

20. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and other similarly situated persons (vehicle cleaners, detailers and service parkers) who are current and former employees of Village Auto Wash since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

21. The FLSA Collective consists of approximately twenty (20) similarly situated current and former vehicle cleaners, detailers and service parkers who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

22. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This policy and/or policy includes, *inter alia*, the following:

>   i.   failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week;

      ii.    failing to keep accurate records of hours worked by employees as required by the FLSA.

23. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

24. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

25. The positions of vehicle cleaners, detailers and service parkers are not exempt positions and have never been exempt. Vehicle cleaners, detailers and service parkers were not paid the correct overtime for all hours worked in excess of forty (40) hours per week.

26. The FLSA require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any workweek, unless they are exempt from coverage.

27. Defendants failed to compensate Plaintiff and members of the FLSA Collective at one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any workweek. The exact accounting of such discrepancy can only be determined through discovery.

28. Plaintiff and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including

5

tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with the FLSA; and any anything otherwise required by law.

29. Defendants paid Plaintiff and members of the FLSA Collective wages without any accompanying statement listing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; the regular hourly rate or rates of pay; the overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages in accordance with the FLSA.

## **FACTS**

30. Plaintiff worked on behalf of Defendants from June 2016 until January 23, 2018 at two different locations.

31. From approximately 2014 through December 2017, Village Auto Wash was located at 152 S Broad St., Ridgewood, NJ, 07093.

32. Following the closure of the 152 S Broad St. location, Village Auto Wash LLC has continued to service customers at the location of the Teterboro Chrysler Jeep Dodge RAM at 469 Route 46, Little Ferry, NJ, 07643.

33. On information and belief, the address of the corporate office of Village Auto Wash LLC is 5601 JF Kennedy Blvd. East Apt 21H, West New York, NJ, 07093.

34. On information and belief, Defendant Alex Rodriguez owned and operated Village Auto Wash LLC at both locations (Ridgewood and Little Ferry, respectively).

**Plaintiff Velez's Employment at 152 S Broad St.**

35. From June 2016 through March 2017, Plaintiff was employed by Defendants Rodriguez and Village Auto Wash at 152 S Broad St. in Ridgewood, NJ.

36. Throughout Plaintiff's employment at 152 S Broad St., Defendants Rodriguez and Village Auto Wash required Plaintiff to "clock in" at the start of his workday and "clock out" at the end of the workday, and Plaintiff complied with this directive.

37. However, throughout Plaintiff's employment at 152 S Broad St., Plaintiff's paystubs incorrectly listed his hours worked.

38. For example, Plaintiff's paystub for the pay period between July 3, 2016 and July 9, 2016 indicates that Plaintiff worked 34 total hours.

39. However, his clock-in and clock-out records for that same time period indicates Plaintiff worked a total of 54 hours and 9 minutes.

40. Another example of the discrepancy between the hours reported on Plaintiff's paystubs and the hours indicted on Plaintiff's clock-in and clock-out records is the pay period spanning October 23, 2016 through October 29, 2016.

41. During this period, Plaintiff's paystubs indicate that he worked only 38 hours.

42. However, his clock-in records show he actually worked 60 hours.

43. Plaintiff was paid no overtime premium for his work over 40 hours in this week.

44. The practice of falsely reporting Plaintiff's hours on his paystubs continued throughout Plaintiff's employment.

45. In the pay period between March 19, 2017 and March 25, 2017, Plaintiff's paystubs indicate he was paid for 33.50 hours of work.

46. However, Plaintiff's clock-in records indicate he worked 63 hours and 48 minutes during the same period.

47. Plaintiff was paid no overtime premium for the work over 40 hours in this week.

48. The hours on the paystubs created by Defendants do not correspond to the hours on Plaintiff's clock-in records in any given pay period throughout Plaintiff's employment at the 152 S Broad St. location.

**Plaintiff Velez's Work Schedule and Salary at 152 S Broad St.**

49. From the beginning of Plaintiff's employment with Defendants at 152 S Broad St. in June 2016 through March 2017, on average Plaintiff worked six (6) days per week.

50. Although Plaintiff's work schedule varied, he worked approximately 52 hours per week for Defendants at 152 S Broad St.

51. Defendants did not provide Plaintiff with a scheduled meal break.

52. In fact, Plaintiff did not receive any scheduled breaks for that matter, during the time period Plaintiff worked 152 S Broad St.

53. Even though Plaintiff was not exempt, he was not paid time and one-half for all work performed after 40 hours on behalf of Defendants.

54. Therefore, throughout Plaintiff Velez's employment at 152 S Broad St., he was paid between $9 and $10 per hour for all hours worked.

55. Although Plaintiff regularly worked more than 40 hours, Plaintiff's paystubs always listed him as having worked less than 40 hours worked per week.

56. Each week, Plaintiff received additional pay in cash in addition to the hours listed in his paystub. The additional pay in cash included payment at straight time for the work performed after 40 hours, but no overtime premium.

57. Defendants' practice of incorrectly reporting Plaintiff's hours is easily demonstrable when his paystubs are compared to his clock-in and clock-out records.

**Plaintiff Velez's Employment at 469 Route 46**

58. By the end of March 2017, after the closure of Village Auto Wash LLC's location at 152 S Broad St., Plaintiff was transferred to Village Auto Wash LLC's location operating on the premises of Defendant Teterboro Automall at 469 Route 46 in Little Falls, NJ.

59. From the end of March 2017 through January 23, 2018, Plaintiff was jointly employed by all Defendants at 469 Route 46 in Little Falls, NJ.

60. Throughout Plaintiff's employment at 469 Route 46, Defendants did not require Plaintiff to "clock in" or use any other formal method with respect to tracking his hours.

61. While employed at the Teterboro Automall location at 469 Route 46, Plaintiff received work assignments from employees of Teterboro Automall, and was supervised by Teterboro Automall employees, in addition to Rodriguez.

62. For example, "Tim", the head car salesman at Teterboro Chrysler, "Dave" the son of the owner and "Dave", the head of the mechanics all gave Plaintiff directions with respect to how to perform his job duties.

63. These job duties included, but were not limited to, the following: washing cars, cleaning showroom cars, taking out scratches from vehicles and other similarly car cleaning and detailing activities.

64. In fact, Alex Rodriguez was frequently not at Tereboro Chrystler. Usually, Rodriguez was just there on Wednesdays to pay Plaintiff.

**Plaintiff Velez's Work Schedule and Salary at 469 Route 46**

65. From the beginning of Plaintiff's employment with Defendants at 469 Route 46 from the end of March 2017 through January 2018, Plaintiff worked six (6) days per week.

66. Plaintiff worked approximately 64 hours per week on behalf of Defendants at 469 Route 46.

67. Defendants did not provide Plaintiff with scheduled meal breaks, or any scheduled breaks for that matter, during the time period Plaintiff worked for Defendants at 469 Route 46.

68. Throughout Plaintiff's employment at 469 Route 46, Defendants paid Plaintiff by check with no notation indicating his hours worked, rate of pay, or deductions or withholdings.

69. Throughout Plaintiff's employment at 469 Route 46, Defendants paid Plaintiff a flat weekly fee.

70. This flat weekly salary was $800 per week.

71. Even though Plaintiff was not exempt, he was not paid time and one-half for all work performed after 40 hours on behalf of Defendants.

**Village Auto Wash LLC**
**Retaliated Against Plaintiff for Engaging in Protected Activity**

72. On Tuesday, January 23, 2018, Plaintiff asked Defendant Rodriguez to be paid overtime for the work he performed after 40 hours.

73. Defendant Rodriguez answer to Plaintiff's request stating that "I can't pay you more, if you don't like it you can leave."

74. On Wednesday, January 24, 2018 Defendants' attorney mailed a letter to Plaintiff stating that his employment with Defendants was terminated.

75. This letter incorrectly stated that Plaintiff was an independent contractor on behalf of Defendants.  Indeed, throughout his employment with Village Auto Wash, Plaintiff worked the schedule set for him by Defendants; used Defendants' tools and equipment to perform his job; worked greater than full-time hours with Defendants; was paid a fixed hourly wage with no opportunity for profit or loss; and otherwise fulfilled all the requirements to be an "employee" under the FLSA.

76. On information and belief, Defendants are incorrectly listing many of their employees as independent contractors.

## FIRST CAUSE OF ACTION
### FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq*.
### (on behalf of Plaintiff and the FLSA Collective)

77. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

78. Throughout the relevant time period, Plaintiff worked in excess of forty (40) hours per workweek.

79. At all relevant times throughout his employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiff one and one-half (1.5) times the regular hourly rate of pay for work in excess of forty (40) hours per workweek, and in willfully failing to keep records required by the FLSA, even though Plaintiff was entitled to receive overtime payments.

80. At all relevant times throughout Plaintiff's employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half (1.5) times his regular hourly rate for hours worked in excess of forty (40) hours per workweek.

81. Defendants' decision not to pay overtime was willful.

82. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### Unlawful Retaliation in Violation of the FLSA § 215(a)(3)
### (on behalf of Plaintiff)

83. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

84. 29 U.S.C. § 215(a)(3) makes it unlawful for an employer "to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceedings under or related to this chapter [of the FLSA]."

85. Defendants violated the FLSA by terminating Plaintiff.

86. As a direct and proximate consequence of the aforementioned defendants' intentional, unlawful, and discriminatory employment policies and practices, Plaintiff has suffered and continues to suffer, monetary damages, including, but not limited to, a loss of income, including past salary and future salary.

87. As a direct and proximate consequence of Defendants' intentional, unlawful, and discriminatory employment policies and practices, Plaintiff has suffered, and continues to suffer, non-monetary damages including, but not limited to, humiliation, mental and physical pain and suffering.

88. For the foregoing reasons, Plaintiff seeks equitable relief as may be appropriate to serve the purposes of the anti-retaliation provision, including but not limited to an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the entry of an Order and Judgment against Defendants, Village Auto Wash Limited Liability Company d/b/a Village Auto Wash, Teterboro Automall, Inc. and Alex Rodriguez, jointly and severally, as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice

pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Unpaid overtime compensation pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C. Liquidated damages, punitive damages, attorney fees and lost wages under the FLSA for Plaintiff's unlawful retaliatory discharge;

D. Non-monetary damages for humiliation and mental pain and suffering;

E. Prejudgment and post-judgment interest; and

F. Reasonable attorneys' fees and costs of the action.

Dated:   December 19, 2018
         New York, New York

Respectfully submitted,

**Beranbaum Menken LLP**

*/s Jason Rozger*
Jason Rozger
80 Pine Street, 33rd Floor
New York, NY 10005

**Law Offices of Jacob Aronauer**

*/s Jacob Aronauer*
Jacob Aronauer (pro hac vice application pending)
225 Broadway, 3rd Floor
New York, NY 10007

*Attorneys for Plaintiff*